UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KIMBERLY B. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CV-95-HBG |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the consent of the parties [Doc. 16]. Now before the Court is the Plaintiff's Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412(d)(1) [Doc. 23], filed on July 5, 2017. The Plaintiff requests that the Court enter an Order awarding $1,812.50 in attorney's fees and $20.88 in expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).

**I.  BACKGROUND**

On June 21, 2016, the Plaintiff filed a Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 17 & 18], and on July 28, 2016, the Commissioner filed a competing Motion for Summary Judgment and Memorandum in Support [Docs. 19 & 20]. The Court entered a Memorandum Opinion [Doc. 21] on June 27, 2017, granting in part the Plaintiff's motion and denying the Commissioner's motion. Specifically, the Court ordered that the case be remanded to the Administrative Law Judge to reconsider certain medical opinions pursuant to 20 C.F.R. § 404.1527(c). The Plaintiff subsequently filed the instant motion on July 5, 2017, and the Commissioner filed a response [Doc. 26] on July 19, 2017, stating that she had no opposition to the motion.

## II. ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

> 1. Plaintiff must be a prevailing party;
>
> 2. The Commissioner's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist;
>
> 4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

*See* 28 U.S.C. § 2412(d)(1). The Court will address each consideration in turn.

### A. The Plaintiff is the Prevailing Party

In this case, the Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Thus, the Court finds the first condition for granting attorney's fees under the EAJA has been met.

### B. The Commissioner's Position was without Substantial Justification

To satisfy the "substantial justification" requirement, the Commissioner's position must be justified "both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that she does not oppose the Plaintiff's request for attorney's fees under the EAJA [Doc. 26], thereby conceding that the Commissioner's position in this matter was not substantially justified. Thus, the Court finds that the second condition for granting attorney's fees under the EAJA has been met.

### C. There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. Therefore, the Court finds that the third

2

Case 3:16-cv-00095-HBG   Document 27   Filed 07/25/17   Page 2 of 4   PageID #: 908

condition for granting attorney's fees under the EAJA has been met.

### D. The Plaintiff's Request for an Award of Fees is Timely

In support of his motion for attorney's fees, Plaintiff's counsel submitted an affidavit and itemized statement detailing the work performed in this case on behalf of the Plaintiff which amounted to $1,812.50 in attorney's fees and $20.88 in expenses.[1] [Doc. 24]. The Court observes that the motion includes a proper application for fees and was filed within 30 days of the final judgment in this matter. Thus, the Court finds that the fourth condition for granting attorney's fees under the EAJA has been met.

### E. The Court Finds that the Fees Requested Are Reasonable

Further, the Commissioner has no opposition to the Plaintiff's request for attorney's fees and expenses, and the Commissioner has conceded that the Plaintiff is entitled to the amount requested. The Court has considered the amount requested, and the Court finds that the fee amount is reasonable.

---

[1] An award of $1,812.50 in attorney's fees represents 14.50 attorney hours spent in 2016 at a rate of $125.00 per hour, and $20.88 in expenses represents the costs incurred to serve process by certified mail.

3

## III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412(d)(1) [**Doc. 23**] is well-taken, and the same is **GRANTED**. The Court **ORDERS** an award of **$1,812.50** in attorney's fees and **$20.88** in expenses be made payable to the Plaintiff pursuant to the EAJA.

**IT IS SO ORDERED**.

ENTER:

*Bruce Guyton*
United States Magistrate Judge

4