UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KIMBERLY B. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-CV-95-HBG |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the consent of the parties [Doc. 16]. Now before the Court is the Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 28]. Plaintiff requests that the Court enter an Order awarding $14,609.50 in attorney's fees under 42 U.S.C. § 406(b).

## **I.   BACKGROUND**

On June 21, 2016, the Plaintiff filed a Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 17 & 18], and on July 28, 2016, the Commissioner filed a competing Motion for Summary Judgment and Memorandum in Support [Docs. 19 & 20]. The Court entered a Memorandum Opinion [Doc. 21] on June 27, 2017, granting in part the Plaintiff's motion and denying the Commissioner's motion. Specifically, the Court ordered that the case be remanded to the Administrative Law Judge to reconsider certain medical opinions pursuant to 20 C.F.R. § 404.1527(c).

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019, during the pendency of this case. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the Defendant in this case.

On July 5, 2017, Plaintiff filed a Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Doc. 23]. After the Commissioner responded that she did not oppose Plaintiff's motion [Doc. 26], the Court entered an Order on July 25, 2017, granting Plaintiff $1,812.50 in attorney's fees and $20.88 in expenses pursuant to the EAJA, 28 U.S.C. § 2412(d) [Doc. 27]. The instant motion before the Court seeks an additional award of attorney's fees pursuant to 42 U.S.C. § 406(b). [Doc. 28].

## II.  POSITIONS OF THE PARTIES

Plaintiff's counsel requests approval to charge attorney's fees pursuant to 42 U.S.C. § 406(b) based on his contingency fee agreement with the Plaintiff. [Doc. 28]. Counsel asserts that Plaintiff was awarded past-due benefits, of which $24,609.50 was withheld for payment of fees associated with the award, and that Plaintiff contracted with counsel to pay twenty-five percent of the remainder of past-due benefits, which equals $14,609.50 in attorney's fees. [Doc. 30 p. 3–4]. Counsel further explains that Plaintiff was previously awarded an attorney's fee of $1,812.50 under the EAJA, and if the Court awarded an attorney's fee under 42 U.S.C. § 406(b), then the EAJA fee would be refunded to Plaintiff. [Doc. 28 p. 1–2]. Counsel submits that this amount is reasonable and should be upheld pursuant to *Gisbrecht v. Barhhart*, 535 U.S. 789 (2002). [Doc. 30 p. 2].

The Commissioner subsequently filed a Response [Doc. 33] stating that he does not oppose payment of an attorney's fee in the amount of $10,875.00 and that Plaintiff's counsel has agreed to accept this amount as full compensation.

## III.  ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a

2

favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded:

> 1. The Court must have rendered a judgment favorable to the Plaintiff;
>
> 2. The Plaintiff must have been represented by counsel; and
>
> 3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

*See id.* The Court will address each condition in turn.

### A. Favorable Judgment

In this case, the Plaintiff obtained a "sentence four" remand, which, for purposes of section 406(b), may be considered a "favorable judgment." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

### B. Representation by Counsel

In support of the motion for attorney's fees, Plaintiff's counsel attached a signed agreement between counsel and the Plaintiff, which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by the Plaintiff as payment for counsel's representation. [Doc. 29 p. 4–5]. Accordingly, the Court finds that the Plaintiff was represented by counsel for this claim.

### C. Reasonableness of Fee Amount

Counsel for Plaintiff submits that a fee request of twenty-five percent of the past-due benefits awarded to the Plaintiff is reasonable because the twenty-five percent cap has been upheld by case law, is consistent with the agreement between counsel and the Plaintiff, and the amount

3

requested is reasonable. [Doc. 30 p. 2–4]. The Commissioner responds [Doc. 33] that Plaintiff's counsel has agreed to accept $10,875.00 as full compensation for all services rendered in this case.

However, the Court must still independently determine whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. In fact, counsel was able to achieve favorable results as this case was remanded to the Commissioner and an award of benefits was ultimately granted to the Plaintiff. Thus, counsel was effective in his representation as he was able to achieve a favorable result.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested 406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may

4

> consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746.).

As noted, Plaintiff's counsel has agreed to accept a payment of $10,875.00 for a fee award in the present case. The Social Security Administration has withheld $24,609.50 of past-due benefits, of which $10,000.00 was already awarded by the ALJ for representation before the Social Security Administration. The Court considers the factors set forth in *Hayes*, the affidavits and itemized bill set forth by Plaintiff, the lack of opposition from the Commissioner, and the nature and complexity of the case, and finds the contingency fee award in the amount of $10,875.00 is reasonable. Moreover, the Court is mindful of the nature of contingency fee contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (in considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast."). Accordingly, the Court finds that an attorney's fee in the amount of $10,875.00 does not represent a windfall.

As a final matter, the Court notes that when attorney's fees are awarded under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the plaintiff. *Gisbrecht*, 535 U.S. at 796 (quoting Act. of Aug. 5, 1985, Pub. L. No. 99–80 (HR 2378), PL 99–80, § 3, 99 Stat. 186). In this case, as previously mentioned, Plaintiff has already obtained an EAJA award in the amount of $1,812.50. Therefore, counsel will refund to Plaintiff the EAJA fee award, as it is the smaller of the two types of awards.

5

## IV.  CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Approval of 406(b) Attorney Fees [**Doc. 28**] is **GRANTED IN PART**, and Plaintiff's Motion to Expedite Decision [**Doc. 34**] is **DENIED AS MOOT.** It is **ORDERED** that attorney's fees in the amount of $10,875.00 be payable to Plaintiff's counsel under 42 U.S.C. 406(b) and that, upon receipt of these fees, Plaintiff's counsel shall remit to Plaintiff the $1,812.50 in attorney's fees previously received from the Commissioner pursuant to the EAJA and the Court's prior fee Order [Doc. 27] in this matter.

**IT IS SO ORDERED**.

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge